The State of Ohio, Appellee, v. Munzberg, Appellant.

(No. 5716—Decided March 16, 1966.)

Mr. *William R. Baird*, director of law of city of Akron, and Mr. *Thomas Link*, for appellee.

Mr. *Rufus L. Thompson*, for appellant.

Hunsicker, J. This is an appeal on questions of law from a judgment of the Akron Municipal Court.

On April 22, 1965, an affidavit was filed charging that Endre Munzberg, the appellant here, "* * * unlawfully and willfully did fail to return an operator's license and registration as required in Section 4509.69 of the Revised Code of Ohio, in violation of Section 4509.77 Ohio Revised Code * * *."

Appellant, Munzberg, entered a plea of not guilty, and trial was had on the issues thus joined. A judgment was entered which, among other things, required Munzberg to turn in his automobile operator's license.

A collision occurred between an automobile operated by Munzberg and an automobile owned by one Gilbert Dilley. An action was filed by Dilley against Munzberg to recover the damages to his motor vehicle, and by reason thereof a judgment was awarded Dilley in the amount of $93.29, plus court costs of $8.45. There was no claim for any physical or bodily injuries. The judgment was not satisfied, and the Bureau of Motor Vehicles notified Munzberg that his right to operate a motor ve-

hicle had been suspended. The order of suspension requested Munzberg to send to the bureau his operator's license. Munzzerg did not comply with this request. The Bureau of Motor Vehicles then filed the affidavit set out above which resulted in the judgment that is the subject of this appeal.

Counsel for appellant, Munzberg, has directly limited the scope of our inquiry by asking—"May a driver's license be suspended for a failure to satisfy a property damage judgment of less than one hundred dollars?"

Section 4509.01, Revised Code, in the pertinent parts, says:

"As used in Sections 4509.01 to 4509.78, inclusive, of the Revised Code:

"* * *

"(J) 'Accident' or 'motor vehicle accident' means any accident involving a motor vehicle which results in bodily injury to or death of any person, or damage to the property of any person in excess of one hundred dollars.

"* * * ."

Section 4509.02, Revised Code, says in part:

"As used in Sections 4509.31 to 4509.67, inclusive, of the Revised Code:

"(A) 'Judgment' means any judgment which has become final by expiration without appeal of the time within which an appeal might have been perfected, or by final affirmation on appeal rendered by a court of competent jurisdiction of any state or of the United States, upon a cause of action arising out of the ownership, maintenance, or use of any motor vehicle for damages, including damages for care and loss of services because of bodily injury to or death of any person, or for damages because of injury to or destruction of property, including the loss of use thereof, or upon a cause of action on an agreement of settlement for such damages.

"* * *"

Section 4509.35, Revised Code, says in part:

"Whenever any person fails within thirty days to satisfy a judgment rendered within this state, upon the written request of the judgment creditor or his attorney, the clerk of the court which rendered the judgment, or the judge if the court has no clerk, shall immediately forward a certified copy of the judgment to the Registrar of Motor Vehicles.

"* * *"

Section 4509.37, Revised Code, says:

"The Registrar of Motor Vehicles upon receipt of a certified copy of a judgment, shall forthwith suspend the license and registration and any nonresident's operating privilege of any person against whom such judgment was rendered, except as provided in Sections 4509.01 to 4509.78, inclusive, of the Revised Code."

In all those sections, either in defining judgment or designating what shall be done if a judgment is not satisfied, no reference is made to a judgment arising out of "accident" as that term is defined in Section 4509.01(J), Revised Code. We may not read into Sections 4509.35 and 4509.37, Revised Code, a limitation on the word "judgment" when Section 4509.02(A), Revised Code, says that "judgment" as used in Sections 4509.35 and 4509.37, Revised Code, means "any judgment" not just a judgment arising out of "accident" as defined in this Chapter of the Revised Code.

We, therefore, conclude that the judgment of the trial court is not contrary to law. We find no error prejudicial to the substantial rights of the appellant.

*Judgment affirmed.*

DOYLE, P. J., and BRENNEMAN, J., concur.